## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISHA WU, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>VAL PARTNERS, INC., d/b/a JUST ENUFF LOUNGE; JUST ENUFF JACK, LLC; 565 LANDIS, LLC, d/b/a JUST ENUFF CABARET; STEVEN PAIK; and DOE DEFENDANTS 1-10,<br><br>              Defendants. | Civil Action No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Lisha Wu ("Wu" or "Plaintiff"), individually and on behalf of all similarly situated employees, brings this Class/Collective action lawsuit against Defendants Val Partners, Inc., d/b/a Just Enuff Lounge, Justenuff Jack, LLC, 565 Landis, LLC d/b/a Just Enuff Cabaret, Steven Paik, and Doe Defendants 1-10 (collectively "Defendants"), seeking to recover for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.* and common law. Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

### <u>INTRODUCTION</u>

1.      As explained herein, under applicable employment laws all employees, unless they are determined to be exempt, are entitled to be paid (i) a minimum wage for hours worked and (ii) premium overtime compensation for all hours worked in excess of forty in a given workweek. However, Defendants (as defined herein) improperly classified Plaintiff and other exotic

entertainers ("Dancers") as "independent contractors."  Consequently, Defendants failed to pay Plaintiff and class members at least the applicable minimum wage or premium overtime compensation.  In addition, Defendants improperly collects a portion of the tips Plaintiff and other Dancers receive from customers.

2.      As detailed below, Defendants effectively function as a single integrated enterprise in operating Just Enuff Lounge and Just Enuff Cabaret (together, the "Clubs").

3.      Upon information and belief, each of the Clubs share common ownership and employment policies, including those relating to the classification and compensation of Dancers.

4.      As such, upon information and belief, the employment practices complained of herein were applicable to all Dancers, as Defendants utilized common labor policies and practices. Accordingly, Defendants are responsible for the employment and compensation practices at issue.

5.      As set forth herein, Defendants' failure to pay minimum wage, overtime compensation, and retention of employees' tips is in violation of applicable state and federal wage and hour laws.

6.      Dancers, including Plaintiff and her former co-workers, work in an unorganized industry where many workers are disenfranchised by the wide disparities in bargaining power between workers and club owners.

7.      Accordingly, adult entertainment clubs such as Defendants', are well-positioned to take advantage of Dancers and routinely deny them basic workplace rights.

8.      Over the past decades, the Department of Labor ("DOL") and courts across the country have recognized that Dancers are employees, not independent contractors, and thus entitled to protection under various state and federal wage and hour laws.

## SUMMARY OF CLAIMS

9.      Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA" or the "Act").

10.      In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Dancers who have worked for Defendants within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Collective Class").

11.      In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, including inappropriately withheld tips, pursuant to the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("WPCL") and common law (the "PA State Laws").

12.      Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Dancers who have worked for Defendants in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PA Class").

13.      Plaintiff alleges on behalf of the Collective Class that they are: (i) entitled to unpaid minimum wages from Defendants for hours worked for which Defendants failed to pay the mandatory minimum wage, as required by law; (ii) entitled to unpaid overtime wages for all hours worked in excess of forty in a work week; and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

14.      Plaintiff alleges on behalf of the PA Class that Defendants violated the PA State Laws by, *inter alia*: (i) failing to pay them the appropriate minimum wages for all hours worked; (ii) improperly denying them overtime wages for all hours worked in excess of forty hours in a

work week; and (iii) inappropriately withholding and/or deducting unlawful amounts from the gratuities of the PA Class.

## PARTIES

15.     Plaintiff Lisha Wu is a resident of the Commonwealth of Pennsylvania who was employed by Defendants as a "Dancer" at Just Enuff Lounge in King of Prussia, Pennsylvania from in or about 2017 through in or about January 2021. While employed by Defendants, Plaintiff was improperly classified as an independent contractor and, consequently, Defendants failed to compensate Plaintiff properly for all hours worked.

16.     Plaintiff has consented in writing to be a Plaintiff in this action and has filed her executed Consent To Sue form, attached hereto as Exhibit "A."

17.     Defendant Val Partners, Inc., ("Val Partners") is a Pennsylvania corporation headquartered at 149 Boro Line Road, Bridgeport, Pennsylvania 19406, that operates an adult night club at that same address under the name Just Enuff Lounge. Defendant Val Partners employed Plaintiff as a Dancer. Upon information and belief, at all relevant times, Just Enuff Lounge's annual gross volume of sales made or business done was not less than $500,000.00.

18.     Defendant Justenuff Jack, LLC, ("Justenuff") is a Pennsylvania corporation whose registered office is located at 2176 Jefferson Lane, Huntingdon Valley, Pennsylvania 19006. According to public records, Justenuff owns a Pennsylvania liquor license registered at the same address as Just Enuff Lounge.

19.     Defendant 565 Landis, LLC is a New Jersey Corporation that operates an adult night club employing Dancers under the name Just Enuff Cabaret at the address of 565 Landis Ave, Bridgeton, NJ 08302.

20.     Defendant Steven Paik ("Paik") is an individual who resides at 2176 Jefferson

Lane, Huntingdon Valley, Pennsylvania 19006. Paik is the sole owner of Defendant Justenuff Jack, LLC. Upon information and belief, Defendant Paik has an ownership interest in and/or exercises managerial control over Just Enuff Lounge and Just Enuff Cabaret (the "Clubs"). Defendant Paik exercised control over Plaintiff and the other Dancers at the Clubs.

21.    Upon information and belief Defendant Paik regularly held and exercised the authority to: (a) hire and fire Dancers at the Clubs; (b) classify Dancers as independent contractors or employees; (c) determine the compensation policies for Dancers; and (d) control the finances and operations of the Clubs.

22.    In his capacity as the self-identified owner of the Clubs, Defendant Paik exercises sufficient control over the labor policies and practices of the Clubs complained of herein to be considered the employer of Plaintiff and the Classes for the purposes of the FLSA and PA State Laws.

23.    Defendants are a single integrated enterprise with a high degree of interrelated and unified operations, sharing a common officer. Upon information and belief, each of these Defendants share the common labor policies and practices complained of herein.

24.    Upon information and belief, the sole reason for separate corporate entities was due to liquor licensing and to limit the liability of Defendants.

25.    At all relevant times during the statutory period covered by this Complaint, Defendants, through their actions as an integrated enterprise, have transacted business within the Commonwealth of Pennsylvania, including within this district.

26.    Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each

Doe defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants. In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship. Accordingly, unless otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each of the defendants.

27.    Indeed, upon information and belief Defendant Paik owns, operates, and/or controls several other adult entertainment clubs across the country, including in Las Vegas, Nevada. Once the legal entities that Defendant Paik owns, operates, and/or controls these adult entertainment clubs through is identified, Plaintiff will seek leave to add these legal entities as defendants to this action. Until such time, however, such entities will be referred to as Doe Defendants.

28.    At all relevant times Defendants have transacted business, including the employment of Dancers, within the Commonwealth of Pennsylvania, including within this district.

## JURISDICTION AND VENUE

29.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

30.    Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

31.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

32.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.§§ 2201 and 2202.

## FACTUAL ALLEGATIONS

33.     The crux of the FLSA and PA State Laws is, *inter alia*,: (i) that all employees are entitled to be paid mandated minimum wages for all hours worked; (ii) that all employees are entitled to premium overtime compensation for all hours worked in excess of 40 hours a week; and (iii) that all gratuities earned by an employee are the property of the employee.

34.     Contrary to these basic protections, Defendants improperly classified its Dancers, including Plaintiff, as "independent contractors" despite Defendants' near total control over them. Consequently, Plaintiff and the members of the Classes were:  (i) deprived of the mandated minimum wage for all hours they worked; (ii) deprived of premium overtime compensation for all hours worked in excess of 40 per workweek; (iii) forced to improperly  share a percentage of their gratuities with Defendants; and (iv) forced to reimburse Defendants for its ordinary business expenses.

35.     Plaintiff and the members of the Classes are, or were, Dancers who worked at Defendants' business locations operating as adult entertainment clubs.

36.     Upon information and belief, Defendant Paik also owns, operates, or otherwise exercises control over adult entertainment clubs across the country. This includes an adult entertainment club named Just Enuff Cabaret, located at 565 Landis Avenue, Bridgeton, New Jersey 08302, and one located in Las Vegas, Nevada named Centerfolds Cabaret.

37.     On its advertising and social media sites, Just Enuff Cabaret utilizes an identical logo to that used by Just Enuff Lounge.

38.     Additionally, on the review website Yelp.com, an individual with a photo and the user name "Steve P." identifies himself as the "Business Owner" when responding to comments from various patrons of both Just Enuff Cabaret and Just Enuff Lounge. *See*

https://www.yelp.com/not_recommended_reviews/just-enuff-cabaret-deerfield-2;

https://www.yelp.com/biz/just-enuff-lounge-king-of-prussia (last accessed January 25, 2022).

39.     Upon information and belief, the wage practices at Just Enuff Lounge in Pennsylvania, described herein, also occurred at the other adult entertainment clubs owned, operated, and/or controlled by Defendant Paik, including Just Enough Cabaret in New Jersey.

40.     These adult entertainment clubs are operated by Defendants under uniform policies applicable to all the members of the Classes.  Through these policies and procedures, Defendants maintain significant supervision and control over Plaintiff and members of Classes.

41.     Notwithstanding Defendants' classification of Dancers as independent contractors, Dancers are legally Defendants' employees due to the amount of control Defendants have over them.

42.     While Dancers are an integral part of Defendants' business – and largely the reason customers choose to visit Defendants' adult entertainment clubs – Dancers had no control over the clubs' operations.

43.     Indeed, Defendants strictly managed nearly every aspect of the operation of their adult entertainment clubs, from the club's atmosphere and clientele, to the hours the club was open to the public, to the appearance and weight of the Dancers who worked there.

44.     In addition, Defendants controlled what, if any, advertising or marketing was done to promote Defendants' adult entertainment clubs.

HIRING, FIRING AND SCHEDULING

45.     Defendants have the power to hire and fire Dancers and establish the rules governing the conditions under which Dancers work.

46.     Dancers' shifts are limited to the following times: (i) "Day Shift" lasting from

3p.m.- 9 p.m., (ii) "Mid Shift" lasting from 6p.m.-12a.m., and (iii) "Night Shift" lasting from 8 p.m.-2a.m.

47.    Dancers are required to check in with the DJ as soon as they arrive for their shift.

48.    Prior to 2020, Defendants enforced a schedule through a series fines and policies that effectively required Plaintiff and the other Dancers to work a set minimum number of hours for Defendants.

49.    If a Dancer arrived late for her scheduled shift, failed to show up, or left her shift early, that Dancer was charged a penalty fee by Defendants.

50.    Presently, in order to be allowed to work a more profitable weekend shift, Defendants require Dancers to first work a weekday shift. This written policy was posted in the Just Enuff Lounge as follows:



51.     Accordingly, and unlike true independent contractors, Defendants' Dancers are required to work a minimum number of hours per week.

52.     Additionally, neither Plaintiff nor any of the other Dancers had any say in either the hours of operation of Defendants' clubs, or Defendants' adversiting practices.

53.     In short, Defendants maintained significant supervision and control over Plaintiff and members of Classes and set the rules governing the conditions under which Dancers work.

**HOUSE FEES, MANDATORY TIP OUTS, AND PENALTIES FOR SCHEDULING VIOLATIONS**

54.     Prior to 2020, Defendants charged a flat monetary "house fee" or "shift fee" to all Dancers for each shift they worked.

55.     At the beginning of 2020, Defendants provided the following document to their Dancers which detailed Defendants' written policies regarding fees charged to the Dancers, penalties levied on Dancers for schedule violations, and mandatory tip out obligations:

Ladies,

**HAPPY NEW YEAR!**

Brand new year... Brand new Just Enuff Lounge!! Here are some changes that you need to make yourself aware of:

**HOUSE FEES -** As I am sure by now you have all noticed that we are now charging $6 per hour as a "house fee" or "workman's comp fee". This is not optional. You should come to work prepared to pay it. There are no excuses that will be excepted, such as "I didn't make enough" or "can I pay it next time". If you are not making $6 per hour dancing, then you are in the **WRONG LINE OF WORK**! I hear WAWA is hiring...

**DJ TIP-OUT -** We have done away with the $4 pole tax and the mandatory "minimum tip-out" to the DJs is now $11. That is the bare <u>minimum</u>. If you have a good day, obviously you should be tipping more! We all work for tips.

**NO SHOWS, CALLOUTS & LATENESS –** We have also done away with fees associated with lateness, callouts and no shows. In it's place we will be doing the following. Excessive lateness will result in you losing shifts. Excessive callouts or no-shows will result in you losing shifts, possible suspension and/or termination! This will be determined by management.

***\*\*\* We need a minimum of 24 hours notice for a callout! If you call out the day of your shift, it is a <u>NO SHOW</u>!!! \*\*\****

**MANDATORY MONDAYS & TUESDAYS -** Starting immediately, you will be required to work a minimum of one Monday and one Tuesday per month. So, schedule yourself accordingly! We can not afford to have customers coming in on a Monday or Tuesday and only seeing 1 or 2 girls! It is unacceptable. They will not return. So, one Monday and one Tuesday per month is a small price to pay to keep the doors open so we can all stay employed.

Let's make 2020 an amazing year!
Thank you, Management

56.     Instead of charging a flat house fee per shift, as had been done previously, Defendants began charging their Dancers a mandatory $6 per hour "house fee" or "workmen's comp fee" for every hour they worked, regardless of the amount of money the Dancers made during that time.

57.     Defendants also changed their policy of charging Dancers monetary fines for lateness and missed shifts to a policy of Dancers "losing shifts, possible suspension and/or termination" for "excessive" lateness or missed shifts, as "determined by management."

58.     Additionally, Defendants also subjected Dancers to mandatory tip-outs. That is, Dancers are required to tip certain of Defendants' employees. Importantly, the individuals to whom Defendants require its Dancers to share their tips do not provide customer service.

59.     Upon information and belief, Defendants use the tips earned by Dancers to offset its ordinary business expenses. Stated another way, Defendants require Dancers to tip these individuals so that the Defendants can then reduce their labor costs by having the Dancers supplement the compensation Defendants pay its other employees.

60.     Defendants required each Dancer to tip the DJ at least $11 after each shift.

61.     Defendants expressly noted that the $11 per shift tip amount to the DJ represented the "bare minimum," and warned the Dancers that "[i]f you have a good day, obviously you should be tipping more!"

62.     As a result of the mandatory house fees and required tip-outs, Dancers sometimes received little to no actual compensation despite hours of work.

**TIP RETENTION & MANDATORY TIP OUTS**

63.     It is black letter law that tips received by an employee are the employee's tips and an employer has no ownership interest in said tips. Indeed, according to the DOL's Regulations,

"[t]ips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA." 29 C.F.R. § 531.52.

64.     Despite this plain fact, Defendants unlawfully retained a portion of tips Dancers received from Defendants' customers.

65.     Moreover, Defendants also mandate the fees a Dancer may charge customers for her services. By way of example, Defendants maintains a policy establishing the amount a Dancer is required to charge for private performances.

66.     Indeed, Defendants notifiy patrons of the cost for a "lap dance" and private dance in the "Champagne Room," thereby eliminating the possibility that a Dancer can set their own rate.

67.     In short, Defendants set the price and duration of all private dances.

68.     During Plaintiff's employment, Defendants mandated that a "lap dance" for one song is $20, of which a Dancer must pay Defendants $5. In addition, a "lap dance" in a private room was $30, of which Dancer must pay Defendants $10.

69.     Further, Defendants mandated that private dances in the "Champagne Room" cost $200, of which a Dancer must pay Defendants $100. Moreover, the duration of these private "Champagne Room" dances was set by Defendants.

70.     As a result, customers who believe that they are tipping Dancers a certain amount are actually tipping them less, due to the aforementioned deductions taken by Defendants. These deductions are in contravention of applicable law.

### EXERCISE OF ADDITIONAL CONTROL

71.     Defendants controlled how long a Dancer must appear on "stage" and dance before performing any private dances.

72.     Additionally, Defendants exercised control over Plaintiff's and the other Dancers' appearances.

73.     Defendants monitored the body weight of the Dancers and "fired" Dancers who Defendants deemed to be overweight.

74.     Defendants also further monitored Dancers appearances, requiring them to use certain amounts of makeup.

75.     Indeed, during one encounter with Defendant Paik, Plaintiff was specifically instructed by Paik to apply more makeup – evincing Paik's control over the work conditions of Dancers.

76.     In addition, Defendants would occasionally require Plaintiff and other Dancers to hand out promotional material or spend time posing for pictures that would later be posted in said promotional material and/or on Defendants' social media accounts.

77.     Further, Defendants had control over whether to charge an admission fee to their adult entertainment club, as well as set the price for food and liquor sales. Indeed, Defendants – and not the Dancers -- controlled the type and brand of liquor available.

**HOURS WORKED & DEFENDANTS' UNJUST ENRICHMENT**

78.     Plaintiff typically worked a shift from on or about 3:00 p.m. to 8:00 or 9:00 p.m. Oftentimes, Plaintiff worked double shifts which ran until 2:00 a.m.

79.     Dancers often worked hours in excess of 40 in a week.

80.     On occasion, Plaintiff worked in excess of forty hours in a week for Defendants. On these occasions, Plaintiff received no premium overtime compensation.

81.     Defendants have been unjustly enriched to the detriment of the Classes by:  (i) requiring Dancers to pay money out of their tips to pay for the ordinary business expenses of Defendants; (ii) requiring Dancers to forfeit a portion of their tips to Defendants; (iii) paying Dancers less than the mandated minimum wage while failing to comply with the requirements for

doing so; and (v) failing to pay Dancers premium overtime compensation for all hours worked in excess of forty in a work week.

82.    Additionally, Defendants do not compensate Plaintiff or other members of the Classes for Defendants' use of the Dancers' image on Defendants' website and/or social media pages, or any time Dancers spend handing out promotional materials for Defendants' adult entertainment clubs.

83.    At all times relevant to this Complaint, Plaintiff believed she was an employee of Defendants.

84.    Evidence generally reflecting the number of uncompensated hours worked by Dancers in the possession of Defendants.

85.    While Plaintiff is unable to state at this time the exact amount owed to the Classes, Plaintiff believes that such information will become available during the course of discovery. Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

## CLASS & COLLECTIVE ACTION ALLEGATIONS

86.    Plaintiff brings this action on behalf of the Collective Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b).  Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the PA Class for claims under the PA State Laws.

87.    The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).  The claims brought pursuant to the PA State Laws may be pursued

by all similarly-situated persons who do not opt out of the PA Class pursuant to Fed. R. Civ. P. 23.

88.    Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over a hundred individuals in each of the Classes.

89.    Defendants have acted or have refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

90.    The claims of Plaintiff are typical of the claims of the Classes she seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices, including not being compensated for all hours worked.

91.    Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Plaintiff and Dancers were improperly classified as independent contractors by Defendants;

(b)    whether Defendants failed to pay minimum wages for each hour worked;

(c)    whether Plaintiff and Dancers were required to pay Defendants, in cash, fees for each shift worked;

(d)    whether Defendants improperly retained any portion Plaintiff and Dancers' tips;

(e)    whether Defendants failed to pay overtime compensation for all hours

17

worked in excess of 40 per workweek;

(f)    whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

(g)    whether Plaintiff and members of the Classes are entitled to restitution; and

(h)    whether Defendants are liable for attorney's fees and costs.

92.    Plaintiff will fairly and adequately protect the interests of the Classes as her interests are in alignment with those of the members of the Classes.  She has no interests adverse to the class they seek to represent, and have retained competent and experienced counsel.

93.    The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

94.    Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

95.    Defendants have acted willfully and has engaged in a continuing violation of the FLSA and PA State Laws.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS
#### (ON BEHALF OF THE COLLECTIVE CLASS)

96.    Plaintiff, on behalf of herself and the Collective Class, realleges and  incorporates by reference the paragraphs above as if they were set forth again herein.

97.    At all relevant times, Defendants' Clubs have had gross revenues in excess of $500,000.

98.    At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

99.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

100.    Pursuant to Defendants' compensation policies, rather than pay Dancers the federally-mandated minimum wage, Defendants improperly classified Plaintiff and other Dancers as independent contractors.

101.    As a result of the Defendants' willful practices, Plaintiff and the members of the Collective Class earned less than the mandated minimum wage for all hours worked.

102.    Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

103.    Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the Collective Class, is entitled to recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS
(ON BEHALF OF THE COLLECTIVE CLASS)

104.    Plaintiff, on behalf of herself and the Collective Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

105.    At all relevant times, Defendants' Clubs had gross revenues in excess of $500,000.

106.    At all relevant times, Defendants have been and continue to be, employer sengaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

107.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

108.    At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek due to Defendants' improper classification of Plaintiff and Dancers as independent contractors.

109.    Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

110.    Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the Collective Class, is entitled to recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF
### PENNSYLVANIA MINIMUM WAGE ACT– MINIMUM WAGE VIOLATIONS
#### (ON BEHALF OF THE PA CLASS)

111.    Plaintiff, on behalf of herself and the members of the PA Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

112.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

113.    At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of improperly classifying Plaintiff and Dancers as independent contractors and, consequently, failing to pay these individuals the applicable minimum wage for each hour worked.

114.    Pursuant to Defendants' compensation policies, Defendants improperly classified Dancers as independent contractors rather than pay Plaintiff and Dancers the Pennsylvania minimum wage.

115.    As a result of Defendants' willful practices, Plaintiff and the members of the PA Class earned less than the Pennsylvania minimum wage for all hours worked.

116.    Defendants have violated and, continues to violate, the PMWA, 43 Pa. C.S.C. § 333.101 *et seq.*

117.    Due to the Defendants' violations, Plaintiff, on behalf of herself and the members of the PA Class, is entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### PENNSYLVANIA MINIMUM WAGE ACT– OVERTIME WAGE VIOLATIONS
#### (ON BEHALF OF THE PA CLASS)

118.    Plaintiff, on behalf of herself and the members of the PA Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

119.    At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

120.    At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek.

121.    Pursuant to Defendants' policies and practices of classifying Plaintiff and Dancers as independent contractors, Plaintiff and the members of the PA Class were not paid overtime for all hours worked in excess of forty per week.

122.    Defendants have violated and, continue to violate, the PMWA, 43 Pa. C.S.C. § 333.101 *et seq.*

123.    Due to the Defendants' violations, Plaintiff, on behalf of herself and the members of the PA Class, is entitled to recover from Defendants the amount of unpaid overtime wages, attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF
### <u>PENNSYLVANIA WAGE PAYMENT COLLECTION LAW</u>
#### (ON BEHALF OF THE PA CLASS)

124.    Plaintiff, on behalf of herself and the PA Class Members, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

125.    At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the PA Class Members within the meaning of the WPCL.

126.    Pursuant to the WPCL, 43 Pa. S. § 260.1 *et seq.* Plaintiff and the members of the PA Class were entitled to receive all compensation due and owing to them on their regular payday.

127.    As a result of Defendants' unlawful policies, Plaintiff and the members of the PA Class have been deprived of compensation due and owing.

128.    Indeed, it is black letter law that employees cannot contract for payment of wages below the minimum wage. Thus, employees must be paid at least the applicable minimum wage.

129.    Further, due to Defendants' policy of deducting amounts from the tips of Plaintiff and the PA Class to offset business expenses, Plaintiff and the PA Class were subject to improper deductions from their compensation.

130.    Plaintiff, on behalf of herself and the members of the PA Class, is entitled to recover from Defendants the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

## SIXTH CLAIM FOR RELIEF
## <u>PENNSYLVANIA COMMON LAW – UNJUST ENRICHMENT</u>
### (ON BEHALF OF THE PA CLASS)

131.    Plaintiff, on behalf of herself and the PA Class Members, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

132.    Plaintiff and the members of the PA Class were employed by Defendants within the meaning of the PA State Laws.

133.    At all relevant times, Defendants had a willful policy and practice of denying Dancers their full share of gratuities.

134.    During the class period covered by this Complaint, Defendants had a willful policy and practice of having Dancers subsidize Defendants' business expenses by requiring Dancers to tip certain individuals a required minimum amount.  Further, Defendants had a willful policy and practice of not paying Dancers for other activities, such as handing out Defendants' promotional materials.

135.    Moreover, Plaintiff and Dancers were subjected to unlawful deductions from their gratuities.

136.    Defendants retained the benefits of their unlawful deductions from the gratuities from Plaintiff and Dancers under circumstances which rendered it inequitable and unjust for Defendants to retain such benefits.

137.    Defendants were unjustly enriched by subjecting Plaintiff and Dancers to such unlawful deductions.

138.    As direct and proximate result of Defendants' unjust enrichment, Plaintiff and the members of the PA Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiff and the PA Class.

139.    Plaintiff, on behalf of herself and the members of the PA Class, is entitled to reimbursement, restitution and disgorgement of monies received by Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Collective Class and members of the PA Class:

A.    Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B.    Designation of the action as a class action under F.R.C.P. 23 on behalf of the PA Class;

C.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and PMWA;

D.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E.    An award of unpaid minimum wages to Plaintiff and the members of the Classes;

F.    An award of unpaid overtime wages to Plaintiff and the members of the Classes;

G.    Restitution of wages and gratuities improperly retained by Defendants;

H.    An award of liquidated damages to Plaintiff and members of the Classes;

I.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

J.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated: February 3, 2023                      Respectfully submitted,

                                             **CONNOLLY WELLS & GRAY, LLP**

                                             _____
                                             Gerald D. Wells, III
                                             Stephen E. Connolly
                                             Robert J. Gray
                                             101 Lindenwood Drive, Suite 225
                                             Malvern, PA 19355
                                             Telephone: 610-822-3700
                                             Facsimile: 610-822-3800
                                             gwells@cwglaw.com
                                             sconnolly@cwglaw.com
                                             rgray@cwglaw.com

                                             *Attorneys for Plaintiff*